The Honorable Randy Thurman State Representative P.O. Box 584 Heber Springs, AR 72543-0584
Dear Representative Thurman:
This is in response to your request for an opinion on the following question:
 In an executive session of a school board in which a `vote of confidence' is taken on the question of employing an individual for the position of superintendent, does such a non-binding vote of confidence fall within the parameters of Section 25-19-106(c)(1) of the Freedom of Information Act?
I assume that your question, which focuses on A.C.A. §25-19-106(c)(1), is whether the action taken falls within the purposes for which executive sessions are permitted under the Arkansas Freedom of Information Act ("FOIA"). Section25-19-106(c)(1) states:
 Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee.
Executive sessions may be held only to consider action as set forth in the above Code section concerning individual employees.See Att'y. Gen. Op. No. 91-070 (copy enclosed); see also J. Watkins, The Arkansas Freedom of Information Act 160 (1988). They must never be called to defeat the reason or spirit of the FOIA. A.C.A. § 25-19-106(c)(3).
The Arkansas Supreme Court has stated, however, that "[t]he purpose of the FOI is to protect the public's right to information, not to specify what action shall be taken in an executive session on a personnel matter." Yandell v. Havana Bd.of Education, 266 Ark. 434, 438, 585 S.W.2d 927 (1979). It is therefore my opinion that a non-binding vote of confidence is not outside the parameters of § 25-19-106(c)(1), as long as the purpose of the session is within those permitted under that section (see above). With this in mind, therefore, the answer to your question is "yes."
It should also be noted in this regard that a resolution or motion considered or arrived at in executive session must be publicly ratified in order to be legal. A.C.A. § 25-19-106(c)(4);see also Yandell v. Havana Bd. of Education, supra.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh